**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:18-CR-00042-JDK-JDL** |
| **vs.** | § | |
| | § | |
| | § | |
| **MATTHEW CHARLES SPRATLING (7)** | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On November 3, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender David Barlow.

***Background***

After pleading guilty to the offense of Use, Carrying, and Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime, a Class A felony, United States District Judge Jeremy D. Kernodle, sentenced Defendant Matthew Charles Spratling on May 30, 2019. The offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range required by statute was between 5 years and up to life. The Court sentenced Defendant to an imprisonment term of 100 months, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug abuse testing/treatment. Defendant completed his term of imprisonment and started his term of supervised release on December 17, 2024. The Court modified Defendant's conditions to include mental health treatment on February 24, 2025.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on July 6, 2026, United States Probation Officer Max Brackeen alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted urine samples on March 6, 2026, April 8, 2026, April 30, 2026, and June 22, 2026, that tested positive for THC. It is also alleged that Defendant submitted a urine sample on June 10, 2026, that tested positive for methamphetamine and THC.

2. **Allegation 2 (special condition): The defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program.** It is alleged that Defendant failed to attend a scheduled telehealth treatment session on March 31, 2026 and failed to appear for drug testing on April 27, 2026.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the

possessing methamphetamine, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 21 to 27 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions by submitting urine samples that tested positive for THC and methamphetamine, failing to attend a treatment session and failing to appear for drug testing, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 8 to 14 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

***Hearing***

On November 3, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to the portion of Allegation 2 of the petition that alleges Defendant failed to appear for drug testing and to jointly request a sentence of imprisonment for a term of 14 months to be followed by a 2-year term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to the portion of Allegation 2 of the petition alleging that he failed to appear for drug testing. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Texarkana

---

Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

***Findings and Conclusions***

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the portion of Allegation 2 of the petition alleging that Defendant failed to appear for drug testing is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 14 months to be followed by a 2-year term of supervised release. Through an individualized assessment, I determined that a 2-year term of supervised release is warranted. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to the portion of Allegation 2 of the petition alleging that Defendant failed to appear for drug testing be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 14 months to be followed by a 2-year term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to

the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 14 months to be followed by a 2-year term of supervised release.

So ORDERED and SIGNED this 3rd day of November, 2026.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE